Glen E. **SUMMIT**, Appellant,

v.

**Jack MUDD, Judge, Jefferson Circuit Court Sixth Division, Appellee.**

Supreme Court of Kentucky.

June 14, 1984.

Rehearing Denied Dec. 6, 1984.

Frank W. Heft, Jr., Chief Appellate Defender, Daniel T. Goyette, Jefferson Dist. Public Defender, Leo G. Smith, Asst. Dist. Defender, Louisville, for appellant.

David L. Armstrong, Atty. Gen., Carl T. Miller, Jr., Asst. Atty. Gen., Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from an order entered by the Court of Appeals denying Summit's petition for a writ of mandamus and/or prohibition, whereby he sought relief from the trial court's refusal to disqualify the entire Commonwealth Attorney's office for Jefferson County, from prosecuting his case. Summit is charged with second-degree burglary and second-degree persistent felony offender.

The issue is whether the ethical rules, case law and statutory considerations require that the entire office of the Commonwealth Attorney be disqualified from participating in the prosecution of this case because a member of the staff had formerly represented the defendant.

Originally, a member of the Jefferson County Public Defender staff was appointed to represent Summit. That lawyer moved to the Commonwealth Attorney's office for Jefferson County, which is prosecuting the case. The Office of the Public Defender moved to disqualify the entire Commonwealth Attorney's office on ethical grounds. The trial judge denied the motion and the Court of Appeals confirmed his denial. Summit argues that he has been denied a fair trial and there has been an appearance of impropriety created.

This Court remands the case to the trial judge with directions to hold a hearing to determine if there has been any actual prejudice as a result of a breach of the attorney/client confidentiality. In the circumstances of this case actual prejudice must be shown before the Commonwealth Attorney's entire staff is disqualified. The mere possibility of the appearance of impropriety is not sufficient to disqualify the entire staff of the Commonwealth Attor-

ney's office from further prosecution of the case.

The Court of Appeals properly denied the writ of mandamus and/or prohibition because there was no evidentiary support for the allegations made by Summit.

In *Terry v. State of Alabama,* Ala.Cr. App., 424 So.2d 710 (1983), it was held that it was necessary to make a factual determination whether there had been an actual breach of the attorney/client confidential relationship. In order to do this, an evidentiary record must be made by the trial court before a reviewing court can pass on the trial judge's decision.

Summit relies on the Kentucky Bar Association ethic's opinion E–124, issued in 1975, which in turn relies on an American Bar Association informal opinion, 674 (1963), for the proposition that a state Attorney General's office is to be considered as a private law firm in a conflict of interest matter. We believe this question has been dealt with in a formal opinion 342, of the American Bar Association Committee on Ethics and Professional Responsibility, issued November 24, 1975, 62 ABA J. 517, 521, April 1976. That opinion held that disciplinary rule 5–105(D) is inapplicable to government lawyers.

The argument that a special prosecutor could be appointed by the Attorney General pursuant to KRS 15.733(4) is unconvincing. The Commonwealth Attorney for Jefferson County is not isolated from the unified prosecutorial system of the Commonwealth of Kentucky.

The paramount consideration is the ethics of the attorneys involved which must protect any client from a prejudice to his right by a breach of confidentiality. It is wrong to automatically assume that a lawyer who represented a client as a Public Defender will violate the very strong ethical considerations of attorney/client confidentiality. In any such event, he would clearly subject himself to severe discipline.

Additional support for the position that the mere possibility of the appearance of impropriety is not sufficient to disqualify the entire staff of a prosecutor is found in *Young v. State of Maryland,* 297 Md. 286, 465 A.2d 1149 (1983). The *Young, supra,* opinion provides a comprehensive discussion of the question presented here. We find the *Young* decision and *Terry, supra,* persuasive.

If there was or is a conflict in representation, then a writ could be justified. The authorities cited by Summit do not convince us of the need to adopt a per se or automatic disqualification rule.

The decision of the Court of Appeals in denying mandamus and prohibition is affirmed. This matter is remanded to the circuit court in order to hold a hearing to determine if there has been any actual prejudice or actual breach of the attorney/client confidentiality.

All concur.